UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES M. CRARY,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 08-1272-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff James M. Crary, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in what appears to be a proposed civil rights lawsuit against the United States of America. Dkt. No. 1-1. After careful consideration of Plaintiff's IFP application, proposed complaint, supporting materials, the governing law and the balance of the record, the Court recommends that his case be DISMISSED without prejudice and his IFP application DENIED as moot.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must dismiss a complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who enjoys immunity from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an

REPORT AND RECOMMENDATION
PAGE - 1

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The United States Supreme Court has also held that courts may dismiss IFP complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The fact that plaintiff is not a prisoner does not change this analysis. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

Here, Plaintiff has filed an incomprehensible complaint. It sets forth a string of desultory references to political figures, authors, and musicians, as well as a series of alleged tribulations, most of which are alleged to have occurred long ago. The proposed complaint's rambling statements fail to allege sufficient facts to place the defendants on notice of the nature of Plaintiff's claims, to allow the defendants to answer or meaningfully respond to those claims, or to otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). Indeed, it is unclear who exactly Plaintiff is trying to sue. "The United States of America" is not a proper defendant. Plaintiff must specifically identify what federal statutory or constitutional rights were allegedly violated, and show how the defendants personally participated in depriving Plaintiff of his federal or constitutional rights. Because this action appears frivolous, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court advises Plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If Plaintiff files another frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If Plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this court as a vexatious litigant. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing vexatious litigant bar order requirements).

Because of the extreme deficiencies in Plaintiff's complaint, this case should be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). As a result, Plaintiff's IFP application should be DENIED as moot. A proposed Order of Dismissal accompanies this Report and Recommendation. If Plaintiff believes that the deficiencies outlined herein can be cured by an amendment to his complaint, he should lodge an amended complaint as a part of his objections, if any, to this Report and Recommendation.

DATED this 18th day of November, 2008.

JAMES P. DONOHUE
United States Magistrate Judge